## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, HOUSTON

NIGHT OWL GAMES, LP
a Texas Limited Partnership,

      Plaintiff,

v.                                       CIVIL ACTION NO. _____

ZYNGA INC.,
a Delaware Corporation
and
ZYNGA GAME NETWORK INC.,
a California corporation

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

     Plaintiff, Night Owl Games, LP, a Texas limited partnership (hereinafter "Night Owl Games") as and for its complaint against Defendants (hereinafter "Zynga") alleges as follows:

### Introduction

    1.  This is an action seeking a declaratory judgment under 28 U.S.C. 2201 and 2202 with respect to Night Owl Games' authorized use of the trademark name "Dungeonville" and Zynga's assertions to the contrary in verbal and email communications from Zynga's counsel, Joshua Richman and John Kim.   Copies of pertinent email communications are attached hereto as Exhibit A.

### Parties

    2.  Night Owl Games is a Texas limited partnership in the computer game software business with its principal place of business located in Houston, Texas, with a mailing address of 1250 Wood Branch Park Drive, Suite 625, Houston, Texas, 77079.

    3.  Upon information and belief, Zynga Inc. is a Delaware corporation involved in the computer game software business.

    4.  Upon information and belief Zynga Game Network Inc. is a California corporation involved in the computer game software business.

5. Upon information and belief, Zynga Inc. conducts business under the name Zynga Inc. and/or Zynga Game Network Inc. Hereinafter, Zynga Inc. shall be referred to as "Zynga" and all such references shall include Zynga Inc. and/or Zynga Game Network Inc.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter as it arises under federal law concerning violations of the Lanham Act 15 U.S.C. 1114 and 1125 and under the federal question and trademark jurisdictions 28 U.S.C. 1331 and 1338 and as a declaratory judgment action under 28 U.S.C. 2201 and 2202.

7. This Court has personal jurisdiction over Zynga because Zynga distributes computer games which are operated by persons in the State of Texas in this District, Zynga conducts business in the state of Texas in this District and, Zynga, through its counsel, communicated by telephone and email to Night Owl Games which is a limited partnership formed, registered and conducting business in the State of Texas.

8. Venue is proper in this District under 28 U.S.C. 1391.

9. This action for declaratory judgment is timely and proper.

10. An actual case or controversy exists between the parties. Zynga, by and through its communications to Night Owl Games, has threatened litigation against Night Owl Games for alleged of trademark infringement. While these allegations by Zynga are false, the accusations and threats in the communications threaten injury to Night Owl Games. As a result, a declaratory judgment is necessary to validate Night Owl Games' continued use of the trademark name "Dungeonville."

## Factual Background

11. Night Owl Games is headquartered in Houston, Texas and is in the computer game software business and has launched a social networking computer game entitled "Dungeon Overlord."

12. "Dungeon Overlord" is a social network computer game with thousands of registered players.

13. Night Owl Games has invested time and money developing a component player level of Dungeon Overlord entitled "Dungeonville."

14. Night Owl Games filed a trademark registration application with the United States Trademark and Patent Office (hereinafter "USTPO") on February 10, 2011 for use of the word mark "Dungeonville" (sometimes hereinafter referred to as "Trademark").

15. Zynga does not own, does not use, and has not registered or applied for any trademark registrations at the USPTO for any trademark rights in the word "Dungeonville" or any word marks similar thereto.

16. The USPTO published for opposition Night Owl Games' application for the trademark "Dungeonville" on June 21, 2011.

17. On July 19, 2011, Zynga, through its counsel, requested and was granted an extension of time to oppose Night Owl Games' trademark application for "Dungeonville."

18. Also on July 19, 2011, Zynga, through its counsel, forwarded to Dr. Stephen A. Barnes ("Dr. Barnes"), counsel for Night Owl Games, an email alleging that "Dungeonville" had similarity to Zynga's trademarks and that Zynga was seeking to "resolve this potential dispute" without filing an opposition with the USPTO.

19. Subsequently, Dr. Barnes telephoned John Kim ("Mr. Kim"), counsel for Zynga, to inquire as to the "potential dispute" alleged by Zynga.

20. Far from any real "resolution" or negotiation regarding this "potential dispute," Mr. Kim simply demanded that Night Owl Games withdraw its application for "Dungeonville" because, according to Mr. Kim, Zynga claims that *all uses and trademarks ending in "ville"* infringe on Zynga's marks. Dr. Barnes instructed Mr. Kim that (1) Night Owl Games did not agree with Zynga's position and (2) Night Owl Games may nevertheless offer a reasonable compromise.

21. On September 29, 2011, Dr. Barnes sent an email to Mr. Kim seeking such a compromise.

22. On September 29, 2011, Mr. Kim sent an email to Dr. Barnes rejecting this compromise and again reiterating Zynga's demand that Night Owl Games abandon their trademark application for "Dungeonville."

23. Explicitly and implicitly clear from the above communications by Zynga's counsel is the threat of opposition and other litigation by Zynga based on Zynga's unfounded and incorrect belief that "Dungeonville" infringes on Zynga's trademarks.

24. Night Owl Games' use of the trademark "Dungeonville" does not and will not violate the Lanham Act with respect to Zynga or any of Zynga's trademarks or its social networking games containing the letter combination of "ville."

25. Night Owl Games' use of the trademark "Dungeonville" in its social networking game constitutes a fair use of the Trademark.

## **Trademark Infringement**

26. Night Owl Games incorporates the foregoing paragraphs 1-25 as if fully set forth verbatim herein.

27. Zynga has asserted, and Night Owl Games denies, that Night Owl Games' use of the trademark name "Dungeonville" in its social networking game violates the Lanham Act with respect to Zynga or any of Zynga's trademarks or its social networking games containing the letter combination of "ville."

28. Zynga's assertions create a reasonable apprehension by Night Owl Games that Zynga will file a lawsuit or initiate other legal proceedings against Night Owl Games asserting claims for trademark infringement under 15 U.S.C. 1114 and/or 1125.

29. The email and other communications prepared by or on behalf of Zynga and sent to Night Owl Games' counsel create an actual controversy regarding the right of Night Owl Games to use the trademark name "Dungeonville" in connection with its social networking computer game.

30. Zynga's assertion of trademark infringement adversely affects Night Owl Games and will continue to do so until this Court makes a determination of Night Owl Games' absolute right to continue to use the trademark name "Dungeonville" in connection with its social networking computer game and other uses.

## **Prayer for Relief**

Wherefore, Night Owl Games respectfully requests that this Court enter a declaratory judgment against Zynga as follows:

1. That the Court enter judgment declaring that Night Owl Games' use of the trademark name "Dungeonville" does not constitute trademark infringement under 15 U.S.C. 1114 and/or 1125 and does constitute fair use of the trademark, with respect to Zynga and any of Zynga's trademarks including its social networking games containing the letter combination of "ville";

2. That Zynga be ordered to pay Night Owl Games' attorneys' fees, costs and other expenses incurred as a result of the controversy that Zynga created by their communications and threats to Night Owl Games;

3. That this Court grant such further and other relief as the Court deems just and proper.

Dated this ___16th___ day of November, 2011

Night Owl Games, LP

By:

Stephen A. Barnes, MD, JD
TX Bar No. 24066953
McGEHEE ✶ CHANG, BARNES
Jack E. McGehee   TBN 13623700
H. C. Chang   TBN 24031930
Stephen A. Barnes   TBN 24066953
Benjamin T. Landgraf  TBN 24072199
1250 Wood Branch Park Dr., Suite 625
Houston, Texas  77079
(713) 864-4000
(713) 868-9393  fax

W:\CASES\nonmp\NOG v ZYNGA\Declaratory Judgment.docx

# Exhibit A

**Stephen A. Barnes, MD, JD**

| | |
|---|---|
| **From:** | John M. Kim [jkim@ipla.com] |
| **Sent:** | Thursday, September 29, 2011 12:30 PM |
| **To:** | Stephen A. Barnes, MD, JD |
| **Cc:** | Josh Richman; File Account |
| **Subject:** | Re: Night Owl Games "Dungeonville" |

Steve,

Although my client has no plans to offer a game under such name at this time, they would never agree to limit their ability to offer any VILLE formative marks going forward.  Please advise if your client will abandon their application.

Thanks,

John

Sent from my iPhone

On Sep 29, 2011, at 10:18 AM, "Stephen A. Barnes, MD, JD" <sbarnes@lawtx.com> wrote:

> John:
>
>
> I've spoken with my clients.  They are willing to forego putting "Dungeonville" on Facebook or any other social network if Zynga is also willing to forego the same.  In short, nobody puts up a Dungeonville on those sites.
>
>
> Steve
>
>
> **Stephen A. Barnes, MD, JD**
>
> McGehee ✶ Chang, Barnes
>
> 1250 Wood Branch Park Drive, Suite 625
>
> Houston, TX, 77079
>
> (713) 864-4000
>
> (713) 869-8899 (direct line)
>
> (713) 868-9393 (fax)

**From:** John M. Kim [mailto:jkim@ipla.com]
**Sent:** Thursday, August 11, 2011 11:48 AM
**To:** Stephen A. Barnes, MD, JD
**Subject:** Re: Zynga: Oppositions/Pre-Oppositions/US - Zynga v. Night Owl (Dungeonville) - Opposition

Sure, no problem. Contact me when you're ready.

Sent from my iPhone

On Aug 11, 2011, at 9:26 AM, "Stephen A. Barnes, MD, JD" <sbarnes@lawtx.com> wrote:

> John:
>
> We are starting a 3 week jury trial next week.  Is it OK if we contact you when the trial is over and arrange a discussion?
>
> Steve

> **From:** John M. Kim [mailto:jkim@ipla.com]
> **Sent:** Wednesday, August 10, 2011 6:25 PM
> **To:** sbarnes@lawtx.com
> **Cc:** Josh Richman; jkim@ipla.com
> **Subject:** FW: Zynga: Oppositions/Pre-Oppositions/US - Zynga v. Night Owl (Dungeonville) - Opposition
>
> Hi Steve,
>
> Josh has turned this over to me to handle.  Please let me know when you have time to discuss.  Next week would be best.
>
> Thanks,

*John M. Kim*

Managing Principal

IP Legal Advisors, P.C.

1940 Garnet Avenue, Suite 230

San Diego, CA 92109

Phone: (858) 272-0227
Fax:  (858) 272-0221

Cell: (619) 997-5907

www.ipla.com

Please consider our environment before
you print!

---

**\*\*\*Effective September 1, 2011, our San Diego office will be moving!\*\*\***

**Our new address will be:**

4445 Eastgate Mall

Suite 200

San Diego, California 92121

---

This email is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Stephen A. Barnes, MD, JD [mailto:sbarnes@lawtx.com]
**Sent:** Monday, July 25, 2011 9:03 AM
**To:** Josh Richman
**Cc:** 'Jack E. McGehee'
**Subject:** RE: Zynga: Oppositions/Pre-Oppositions/US - Zynga v. Night Owl (Dungeonville) - Opposition

Mr. Richman:

Thank you for the email.  I appreciate your candor.  I am discussing this very issue internally with the legal team as well as the senior-most managers of Dungeonville and its parent company.

Is there a good time for you to discuss this matter by telephone?  I would like to include Jack McGehee in the conversation, as I believe he will add a great deal to the discussion.  Jack is the senior partner of the law firm but is also very experienced in managing business entities.

Again, thank you for the heads up and the opportunity to discuss this matter informally.


Steve


**Stephen A. Barnes, MD, JD**

McGehee ✶ Chang, Barnes

1250 Wood Branch Park Drive, Suite 625

Houston, TX, 77079

(713) 864-4000

(713) 869-8899 (direct line)

(713) 868-9393 (fax)

sbarnes@lawtx.com



**From:** Josh Richman [mailto:jrichman@ipla.com]
**Sent:** Tuesday, July 19, 2011 8:59 PM
**To:** sbarnes@lawtx.com
**Cc:** jkim@ipla.com; File Account
**Subject:** Zynga: Oppositions/Pre-Oppositions/US - Zynga v. Night Owl (Dungeonville) - Opposition


Dear Mr. Barnes:


We represent Zynga Inc. with respect to trademark matters.  Please direct future communications relating to this matter either to myself or John Kim of our firm.


As you may be aware, Zynga is the largest social gaming company on the internet and offers the popular games CITYVILLE, FARMVILLE, FRONTIERVILLE,

PETVILLE, FISHVILLE, YOVILLE and others to tens of millions of users each day. Zynga has trademark registrations and pending applications in the United States and around the world for these marks and others and takes its trademark matters very seriously.

You may have noticed that we requested an extension of time to oppose your client's trademark application for Dungeonville. The application concerns Zynga due to its similarity to Zynga's marks noted above and because you intend to offer computer games. We would like to discuss your client's intentions with respect to Dungeonville and see if we can resolve this potential dispute without filing an opposition.

Please contact me at your earliest convenience to discuss resolution of this matter.

Regards,

*Joshua J. Richman*

Senior Associate

IP Legal Advisors, P.C.

1940 Garnet Avenue, Suite 230

San Diego, CA 92109
Phone: (858) 272-0220
Fax: (858) 272-0221

www.ipla.com

Please consider our environment before you print!

***Effective September 1, 2011, our San Diego office moving!***

**Our new address will be:**

4445 Eastgate Mall

Suite 200

San Diego, California 92121

This email is for the sole use of the intended recipient(s) and may contain confidential and privileged information unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please co sender by reply email and destroy all copies of the original message.